IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

UNITED STATES OF AMERICA       :

                                     :

v.                             :  Criminal No. DKC 2007-0278

                                     :

JONATHAN E. JONES[1]             :

                                     :

**MEMORANDUM OPINION**

Jonathan E. Jones, Appellant, appeals his conviction for assault in violation of 18 U.S.C. § 113.  For the reasons that follow, the court will affirm the conviction.

**I. Background**

Appellant was charged with three counts of assault, arising from events on March 3, 2007.  At trial on June 18, 2007, before Magistrate Judge Charles B. Day, the testimony was as follows:

Appellant pulled up to pump 13 at a gas station at Andrews Air Force Base.  The pump was located directly behind pump 15, where Daryl Epps was parked.  To Appellant's left was pump 14, where Joyce Pirson was parked.  Corey Epps, Daryl Epps' brother, was parked at pump 16, directly ahead of Ms. Pirson and diagonal to Appellant's truck.

Appellant decided to wait at pump 13 for Daryl Epps to move his car, so that Appellant could pull forward to pump 15.  Ms. Pirson and Daryl Epps testified that Appellant told Daryl Epps to

---

[1] Appellant's first name is spelled "Johnathon" in the parties' memoranda, but "Jonathan" on the judgment order.

"get the f__ out of the way . . ." (Paper 7, at 13, 44). Ms. Pirson and the Epps brothers testified that when Corey Epps asked Appellant why he was using profanity, Appellant approached Corey Epps, swore at him and pushed him. A physical altercation then ensued between Appellant and both Epps brothers. Melaine Ford, Corey Epps' fiancé, testified that she was struck by Appellant when she attempted to stop the fight. Eddie Fields, parked at a nearby pump, heard screams and came over to assist. He testified that when he arrived, he had to pull the Epps brothers off of Appellant and restrain Corey Epps from re-entering the fight.

Appellant and Angela Scott, who was a passenger in Appellant's truck, testified that Appellant had not sworn at Daryl Epps and had not instigated the fight with Corey Epps. Appellant testified instead that after asking Daryl Epps if he would be leaving soon, Appellant noticed Corey Epps staring menacingly at him. According to Appellant, Corey Epps first approached him; Appellant then pushed Epps away only to protect himself. Appellant testified that both Epps brothers then attacked him, and eventually Mr. Fields and others had to pull the Epps brothers off Appellant.

Magistrate Judge Day found Appellant guilty of assaulting Corey Epps: "I find the defendant pushed Mr. Corey Epps and did grab and hold him." (Paper 7, at 170-71). Judge Day found Appellant not guilty of assaulting Ms. Ford and Daryl Epps. While Judge Day found there was "lying from both camps" involved in the

altercation, he believed Ms. Pirson to be credible when she identified Appellant as the fight's instigator:

> I have no doubt in mind that Mr. Jones started this fight. I rely principally upon the testimony of Ms. Pirson. She has no axe to grind. She's an innocent bystander . . . She was there as the truck pulls up. The person driving the car gets out, basically says "Are you finished?" He doesn't say it in a nice way. He says, "Get the F out of the way . . . ." And at some point, [Ms. Pirson] testified that Mr. Jones runs toward Mr. Epps, by his vehicle, behind pump number 16.

(Paper 7, at 169-70). Appellant insisted he was only acting in self-defense when he pushed Corey Epps away. However, Judge Day determined this defense was precluded because Appellant had started the fight:

> Self-defense is a viable defense. It's a reasonable response to force, when confronted with force. It just doesn't apply here. It doesn't. It's not a defense that is available for the aggressor. And once I've crossed that line in making a determination that Mr. Jones is the aggressor, he has lost the defense of self-defense unless there is an escalation.

(Paper 7, at 172-73).

Appellant brings the pending challenge to his conviction for assaulting Corey Epps, arguing that Magistrate Judge Day wrongfully found he was the "first aggressor" in the altercation and that the theory of self-defense was unavailable.

**II. Record on Appeal**

Fed.R.Crim.P. 58(g)(2)(D) provides, in part, that "[t]he scope of the appeal [from a magistrate judge's judgment of conviction] is

the same as in an appeal to the court of appeals from a judgment entered by a district judge." The record on appeal consists of the original papers and exhibits in the case, together with any transcript, tape, or other recording of the proceedings and a certified copy of the docket entries. Rule 58(g)(2)(C). Questions of statutory interpretation are reviewed *de novo*. *United States v. N.J.B.*, 104 F.3d 630, 632 (4th Cir. 1997).

Review for sufficiency of the evidence proceeds on a familiar standard: A conviction may be reversed for insufficient evidence only if, viewed in the light most favorable to the government, the evidence was so insubstantial that no "rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 319 (1979). To determine if there is sufficient evidence to support a conviction, the reviewing court considers whether there is substantial evidence, taking the view most favorable to the Government, to support it, *United States v. Burgos*, 94 F.3d 849, 854 (4th Cir. 1996) (citing *Evans v. United States*, 504 U.S. 255, 257 (1992)), and does not re-weigh the evidence or re-consider the credibility of witnesses. *Glasser v. United States*, 315 U.S. 60, 80 (1942); *United States v. Aragon*, 983 F.2d 1306, 1308 (4th Cir. 1993).

### III. Analysis

Appellant challenges Magistrate Judge Day's finding that Appellant was the first aggressor in the altercation, and that Appellant's self-defense claim was therefore unavailable.

4

Appellant asserts that Judge Day's reliance on Ms. Pirson's testimony did not amount to substantial evidence that Appellant was the aggressor, and that Judge Day should have considered the testimony of Appellant, Ms. Scott and Mr. Fields. Appellant further contends that he pushed Corey Epps out of reasonable fear that Mr. Epps would harm him, and that the push was no more than necessary to protect himself.

Self-defense is a viable defense if 1) the accused had reasonable grounds to believe himself in apparent imminent or immediate danger of death or serious bodily injury from his assailant; 2) the accused in fact believed he faced this danger; 3) the accused claiming the right of self-defense was not the aggressor in the altercation; and 4) the force used was not greater than necessary under the circumstances. *Marquardt v. State*, 164 Md.App. 95, 140 (2005). Appellant does not challenge Judge Day's statement of the law, which is amply supported. *See, e.g., United States v. Abo-Seba*, 267 Fed.Appx. 794, 798 (10th Cir. 2008)("The government's evidence did not support a self-defense instruction. That evidence demonstrated Abo-Seba was the aggressor and his assaultive actions were not taken to defend himself. See 2 Wayne R. Lafave, Substantive Crim. Law, § 10.4(e) (2d ed. 2003) ("It is generally said that one who is the aggressor in an encounter with another ... may not avail himself of the defense of self-defense.").)

Magistrate Judge Day found substantial evidence that Appellant was the aggressor in this altercation. Ms. Pirson, an innocent bystander with "no axe to grind," testified that Appellant was the first to use foul language and to move toward the other gas pumps. (Paper 7, at 169). Appellant contends this testimony cannot in itself amount to substantial evidence. Yet the testimony of a single witness "may be sufficient to sustain a verdict of guilty." *United States v. Arrington*, 719 F.2d 701, 705 (4th Cir. 1983); *see also United States v. Baker*, 985 F.2d 1248, 1255 (4th Cir. 1993) (upholding the lower court's ruling that a single informant's testimony was sufficient to find two defendants guilty of a drug crime).

Moreover, Appellant contends erroneously that the testimony of himself, Ms. Scott and Mr. Fields is sufficient to warrant overturning Judge Day's finding. Mr. Fields said he saw and heard a commotion, but offered no testimony identifying the first aggressor in the altercation. Judge Day determined that Ms. Scott's testimony was "a little bit incredible," and that she and Appellant "talked about this case a little too much." (Paper 7, at 172). Judge Day chose to believe Ms. Pirson's testimony over that of Ms. Scott and Appellant, and a reviewing court cannot reconsider the credibility of witnesses in these circumstances. *See United States v. Hines*, 717 F.2d 1481, 1491 (4th Cir. 1983) ("[a]lthough [defendant] offered her own version of events, the jury apparently

did not accept her story, and viewing the evidence favorably toward the government, her conviction must stand.").

Judge Day's determinations in this case are supported by substantial evidence, and cannot be overturned. Ms. Pirson was the only witness who saw the beginning of the altercation, and who also did not know anyone involved in the fight. Judge Day relied on Ms. Pirson's testimony in finding Appellant had started the altercation, and this reliance was not improper. Moreover, Judge Day correctly dismissed Appellant's self-defense claim, as the defense is unavailable where the claimant was also the aggressor.

## IV. Conclusion

For the foregoing reasons, the judgment appealed from will be affirmed. A separate Order will follow.

_/s/ Deborah K. Chasanow_
DEBORAH K. CHASANOW
United States District Judge